UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KARL BISSINGER, INC., and )
KENNETH C. KELLERHALS, II, )
)
        Plaintiffs, )
)
  vs. )   Case No. 4:05CV579-DJS
)
MAYNARD KOLBRENER, II, )
LF CHOC, LLC, MARLEY F. OTTO, )
DEBRA L. OTTO, and BRYAN CLIC, )
)
        Defendants. )

## ORDER

Now before the Court are defendants' motion to dismiss Count III (defamation) for failure to state a claim under Rule 12(b)(6) [Doc. #13] and defendants' motion to dismiss Count VIII (prima facie tort) for failure to state a claim under Rule 12(b)(6) [Doc. # 14]. For the reasons discussed below, defendants' motion to dismiss Count III (defamation) is denied, and defendants' motion to dismiss Count VIII (prima facie tort) is granted.

## Background

Plaintiff Karl Bissinger, Inc. is a confectionary in Missouri. Defendant Kolbrener and others sold the stock in plaintiff Bissinger's parent corporation to plaintiff Kellerhals, who is now the owner of Bissinger's stock, intellectual property, processes, recipes, trademarks and other property. Defendants Kolbrener and LF Choc own Bissinger's competitor Lake Forest Confections, which is also located in Missouri. The remaining individual defendants are former employees of plaintiff Bissinger

who are now employed by Lake Forest. Plaintiffs' complaint asserts a variety of claims based on allegations that defendants are wrongfully using Bissinger's image, common law trademarks, and recipes to unfairly compete with plaintiff Bissinger. Among the counts are a claim of defamation and a claim of prima facie tort.

In support of plaintiffs' defamation claims, plaintiffs assert in their pleadings that defendants published several defamatory statements. However, in response to defendants' motion to dismiss, plaintiffs only defend three of those statements as defamatory, which are set out in the fourth sentence of paragraph 16, and paragraphs 20 and 32(a)-(c) of the complaint. First, plaintiffs allege that defendants' representation that their candies are "fresher" because they are made in the same store where they are sold constitutes defamation. (Compl. [Doc. #1] ¶ 32(c); Pls' Opp. [Doc. #20] at 3.) Second, plaintiffs allege that defendants' employees defamed plaintiffs by telling customers that Lake Forest's candies are "the same as" Bissinger's candies, but less expensive. (Compl. [Doc. #1] ¶¶ 16, 32(a); Pls' Opp. [Doc. #20] at 3.) Finally, plaintiffs assert that defendants have published the following allegedly defamatory statement:

> Have you been hungering for an acorn mint? Pining for a twin pecan? Obsessing about opera cremes? Or perhaps just wondering whatever happened to all of the scrumptious chocolate confections you and your family and friends adored? After almost a decade of deprivation, it is my great pleasure to announce they're back, better than ever, right in your neighborhood!...[W]atch as we whip up a batch of amazing confections "like they use to be" right in the store.

2

(Compl. [Doc. #1] ¶ 20, 32(b); Pls' Opp. [Doc. #20] at 3.) Defendants admit in their reply brief that this message was sent in a mailer to potential customers of Lake Forest. (Defs' Reply [Doc. #21] at 6.) Additionally, plaintiffs assert that "acorn mints," "twin pecans," and "opera cremes" are all confections and common law trademarks of plaintiffs. The remaining allegedly defamatory statements contained in paragraphs 16 (excluding the fourth sentence), 17, 18, 19, 29(c), and 32(d)-(i) of the complaint are dismissed as plaintiffs have not opposed defendants' motion with respect to those statements.

## Discussion

Defendants assert that Counts III and VIII fail to state a claim upon which relief can be granted and thus move to dismiss those counts. The Court "must accept the allegations of the complaint as true and dismiss the case only when it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." In re Operation of Mo. River Sys. Litig., 418 F.3d 915, 917 (8th Cir. 2005) (quotations and citations omitted). Below the Court addresses both Counts III and VIII and finds that plaintiffs do state a claim upon which relief can be granted with respect to Count III (defamation), but do not state a claim upon which relief can be granted with respect to Count VIII (prima facie tort).

## **Plaintiffs' Count III (Defamation) Does State a Claim upon Which Relief Can Be Granted**

Under applicable Missouri law, to state a claim for defamation, plaintiffs must plead and prove "1) publication, 2) of a defamatory statement, 3) that identifies plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation." Overcast v. Billings Mut. Ins. Co., 11 S.W.3d 62, 70 (Mo. 2000) (en banc). "Whether a statement is defamatory is a question of law." Mandel v. O'Connor, 99 S.W.3d 33, 36 (Mo. App. 2003).

**A.   Statement Must Be Capable of Defamatory Meaning**

"Defamatory words must be of such a nature that we can presume, as a matter of law, that they will tend to disgrace and degrade the person or expose him to public hatred, contempt, or ridicule or cause him to be shunned or avoided." Mandel, 99 S.W.3d at 36. "If a statement is capable of a nondefamatory meaning, and can be reasonably construed in an innocent sense, we must hold the statement nonactionable as a matter of law." Id.

In determining if a statement is defamatory, the words must be 1) stripped of any pleaded innuendo, 2) construed in their most innocent sense, 3) considered in context, 4) given their plain and ordinary meaning, and 5) taken in the most obvious and natural sense according to the ideas they are calculated to convey to those to whom they are addressed. Nazeri v. Mo. Valley Coll., 860 S.W.2d 303, 311 (Mo. 1993) (en banc) (citations omitted). If the

4

statement is a writing, "it is to be interpreted from its four corners and given its ordinary meaning." Mandel, 99 S.W.3d at 36.

"An allegation that tends to harm a person in his or her business, trade, profession, or office . . . must impute a lack of knowledge, skill, capacity, or fitness to perform one's duties . . . .  More specifically, to be actionable the allegation must strike at a person's professional competence." Nazeri, 860 S.W.2d at 311 (citations omitted). Alternatively, "one who publishes defamatory matter concerning a corporation is subject to liability to it . . . if the corporation is one for profit, and the matter tends to prejudice it in the conduct of its business or to deter others from dealing with it." Restatement (Second) of Torts § 561; see also St. James Military Acad. v. Gaiser, 28 S.W. 851, 852 (Mo. 1894) (holding that a corporation may sue for libel or slander against it).

**B. Statement Must Be About Plaintiffs**

"In order for the words to be actionable, they must refer to the plaintiff and to [sic] be understood by others as referring to the plaintiff." May v. Greater Kansas City Dental Soc., 863 S.W.2d 941, 945 (Mo. App. 1993). However, "[i]t is sufficient to allege generally the words were published concerning the plaintiff[s]." Duggan v. Pulitzer Publ'g Co., 913 S.W.2d 807, 811 (Mo. App. 1995). "If some question exists as to whether the offensive words are 'of and concerning' the plaintiff, the fact

5

dispute is for the jury." May, 863 S.W.2d at 945 (citing N.Y. Times Co. v. Sullivan, 376 U.S. 254, 288-92 (1964)).

**C.   Statement Must Be Provable as False, Not Just Opinion**

"Imaginative expression" and "rhetorical hyperbole" are not actionable as defamation. Nazeri, 860 S.W.2d at 314. Additionally, "statements of opinion, even if made maliciously or insincerely, are afforded absolute privilege under the free speech clause of the First Amendment and cannot be actionable [defamation]." Hammer v. City of Osage Beach, 318 F.3d 832, 842 (8th Cir. 2003) (citing Pape v. Reither, 918 S.W.2d 376, 380 (Mo. App. 1996)). The Court must decide whether a "reasonable factfinder could conclude that the [purportedly defamatory] statement implies an assertion of fact." Hammer, 318 F.3d at 842 (citing Bauer v. Ribaudo, 982 S.W.2d 701, 705 (Mo. App. 1998)).

**D.   Defendants' Freshness, Product Unavailability, and Price Comparison Statements Are Actionable as Defamation**

Plaintiffs defend three of defendants' statements as actionable defamation. The Court finds defendants' statements that state or imply that defendants' candy is fresher, plaintiffs' allegedly trademarked products are unavailable, and defendants' candy is "the same as" plaintiffs', but less expensive, are all actionable as defamation.

6

### 1. Defendants' Statement That Their Candy Is Fresher Is Actionable

Defendants argue that their statement about the freshness of their candy does not concern plaintiffs and is opinion and not an assertion of fact. In the context of the rest of the pleadings, which cite other statements explicitly referring to plaintiffs, the Court finds that at a motion to dismiss stage the complaint properly pleads that the aforementioned statement does refer to plaintiffs. Furthermore, considering that defendants' store allegedly contains trade dress confusingly similar to that of plaintiffs' store, the statement concerning the freshness of defendants' products as compared to other stores' products could refer to plaintiffs and be understood as referring to plaintiffs. Additionally, a reasonable factfinder could conclude that the statement is an assertion of fact. The purportedly defamatory statement does not just assert the opinion that defendants' products are fresher; it also asserts factual support. The statement maintains that defendants' products are fresher because they are made in the store. For these reasons, the statement is actionable as defamation.

### 2. Defendants' Statement About the Unavailability of Plaintiffs' Products Is Actionable

With respect to defendants' statement concerning the decade-long period of unavailability of plaintiffs' allegedly trademarked products, defendants argue that plaintiffs fail to

7

provide a basis for a defamation claim because the statement does not expressly address or identify plaintiffs and is incapable of defamatory meaning. Not only do plaintiffs allege generally that the words were published concerning plaintiffs (Compl. [Doc. #1] ¶¶ 20, 44), but the purportedly defamatory statement references plaintiff's allegedly trademarked products. (See Compl. [Doc. #1] ¶ 20.) After all, the term "trademark" as used in the Lanham Act is defined as "any word, name, symbol, or device or any combination thereof used by a person . . . to identify and distinguish his goods . . . from those manufactured or sold by others and to *indicate the source of the goods* . . . ." 15 U.S.C. § 1127 (emphasis added).

Additionally, advertising that defendants now sell plaintiffs' previously unavailable allegedly trademarked products implies that plaintiffs not only have not sold the products in the recent past, but that plaintiffs currently do not sell the products. Thus, the statement may deter customers from dealing with plaintiffs. Under a similar cause of action, Missouri courts have found that the false implication that a business no longer sells or is incapable of selling a product is actionable. See Annbar Assoc. v. Am. Express Co., 565 S.W.2d 701, 706-07 (Mo. App. 1978) (statement which falsely implied that a hotel had no vacancies was actionable as injurious falsehood). Thus, the

statement is capable of defamatory meaning and plaintiffs have stated a defamation claim upon which relief can be granted.

### 3. Defendants' Statement That Their Candy Is "the Same as" Plaintiffs', but Less Expensive, Is Actionable

Defendants assert that stating that their candy is the same as plaintiffs', but less expensive, is simply a matter of opinion. However, as established above, a false statement which may deter others from dealing with a corporation may constitute defamation. See Restatement (Second) of Torts § 561. Stating incorrectly that plaintiffs are charging more than Lake Forest for the same product may deter others from doing business with plaintiff Bissinger. Plaintiff could prove that the recipes for plaintiffs' and Lake Forest's candies are the same, but that plaintiff's prices are not higher. Alternatively, plaintiff could show that the recipes for the two products use different ingredients. Here again, plaintiffs have stated a claim upon which relief could be granted.

## Plaintiffs' Count VIII (Prima Facie Tort) Does Not State a Claim upon Which Relief Can Be Granted

Under applicable Missouri law, the elements of a prima facie tort claim are "(1) an intentional lawful act by defendant[,] (2) defendant's intent to injure the plaintiff[,] (3) injury to the plaintiff[,] and (4) an absence of or insufficient justification for defendant's act." Nazeri, 860 S.W.2d at 315. Alleging a "prima facie tort is not a duplicative cause of action established

either by the failure to prove a recognized tort claim, or by the failure of such a claim on account of a particular defense." Id.

Instead of alleging an "intentional lawful act," plaintiffs base their prima facie tort claim on the same facts upon which they base their other recognized tort claims. (See Compl. [Doc. #1] ¶¶ 33-69 (alleging recognized torts).) Furthermore, plaintiffs allege that all of defendants' actions were an "illegal pattern of conduct." (Compl. [Doc. #1] at 1.) Even "[i]f plaintiffs' prima facie tort claim is construed as an alternative basis for recovery predicated upon the Court's conclusion that defendants' actions were *lawful*," the claim still fails. Hill v. Farm Credit Bank of St. Louis, 726 F. Supp. 1201, 1209 (E.D. Mo. 1989) (emphasis in original) (citing Greco v. Robinson, 747 S.W.2d 730, 735 (Mo. App. 1988)) (finding plaintiffs failed to plead a cognizable claim of prima facie tort). The Court cannot grant relief on a prima facie tort claim where plaintiffs fail to plead "an intentional *lawful* act by defendant[s]." Greco, 747 S.W.2d at 735 (granting summary judgment against plaintiff on a prima facie tort claim for failure to allege an intentional lawful act).

## Conclusion

For all the foregoing reasons, plaintiffs state a defamation claim upon which relief can be granted, but do not state a prima facie tort claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss Count III (defamation) for failure to state a claim under Rule 12(b)(6) [Doc. #13] is granted-in-part and denied-in-part.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss Count III (defamation) for failure to state a claim under Rule 12(b)(6) [Doc. #13] is granted to the extent that Count III is based on the allegedly defamatory statements in paragraphs 16 (excluding the fourth sentence), 17, 18, 19, 29(c), and 32(d)-(i) of the complaint.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss Count III (defamation) for failure to state a claim under Rule 12(b)(6) [Doc. #13] is denied to the extent that Count III is based on the allegedly defamatory statements in the fourth sentence of paragraph 16, and paragraphs 20 and 32(a)-(c) of the complaint.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss Count VIII (prima facie tort) for failure to state a claim under Rule 12(b)(6) [Doc. # 14] is granted.

Dated this ___28th___ day of September, 2005.

                                          /s/Donald J. Stohr
                                          UNITED STATES DISTRICT JUDGE